IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MELONIE LAMPKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 113-127 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 25). After thorough consideration of the grounds of error alleged in Plaintiff's briefing, the Magistrate Judge recommended that the Acting Commissioner's final decision be affirmed because it was based on substantial evidence. (Doc. no. 23.)

In her objections, Plaintiff again makes much of the October 2009 opinion of consultative examiner Dr. Frederick House, which stated that Plaintiff had "probable coronary disease Functional Class IIIb." (Doc. no. 25, pp. 2-8.) Plaintiff argues that the Magistrate Judge erred because he interpreted the classification as Functional Class III, heart-failure Stage B, meaning she had minimal objective disease. (Id. at 4-5.) Plaintiff asserts that Functional Class IIIb is actually a subclassification of Class III used by some cardiologists to denote "angina at rest within the past 48 hours," and therefore Dr. House's rating was much worse than the Magistrate Judge found and the ALJ failed to evaluate this limitation. (Id. at 2-8.)

Dr. House's classification is ambiguous because of the many permutations of the classification system utilized by physicians for heart disease, as one can discern from the medical sources cited by Plaintiff and the Magistrate Judge. Regardless, the Magistrate Judge correctly found that the ALJ extensively discussed Plaintiff's heart condition as diagnosed by Dr. House, including the symptom of angina at rest, and articulated good cause for rejecting Dr. House's opinion. (Doc. no. 23, pp. 7-9.) Indeed, the ALJ noted in Dr. House's October 2009 examination that Plaintiff reported chest pain at rest and functional limitations in performing everyday tasks. (Id. at 7-8.) However, the ALJ compared this opinion to Plaintiff's contemporaneous treatment notes regarding chest pain at Good Samaritan House Free Community Health Center and found that, "[o]verall, this evidence fails to document ongoing, significant abnormalities that would preclude" the performance of work in accordance with the RFC. (Id. at 9.) Therefore, because the ALJ discussed Plaintiff's angina at rest and found that it was inconsistent with her contemporaneous treatment notes, Plaintiff's arguments as to the ALJ's evaluation of Dr. House's October 2009 consultative examination are without merit.

Plaintiff's objections not expressly discussed herein merely restate arguments the Magistrate Judge already addressed at length or do not offer any new information or evidence that warrants a deviation from the Magistrate Judge's recommendation. Therefore, the Court hereby **OVERRULES** Plaintiff's objections. (Doc. no. 25.) Accordingly, Court **ADOPTS** the R&R of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Acting Commissioner.

SO ORDERED this 30th day of December, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2